IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CT-03081-M

COLELL B. STEELE,

   Plaintiff,

v.              ORDER

NORTH CAROLINA DEPARTMENT OF
ADULT CORRECTION, et al.,

   Defendants.

On April 5, 2024, Colell B. Steele ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed what the court construes as a complaint under 42 U.S.C. § 1983. See [D.E. 1, 2, 5].

As an initial matter, the court DENIES as premature plaintiff's motions seeking entry of default. See Mot. [D.E. 6]; Mot. [D.E. 7]; Mot. [D.E. 8].

The court now conducts its initial review under 28 U.S.C. § 1915A and, for the reasons discussed below, dismisses the complaint.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal

interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff's Complaint:

Plaintiff refers to himself as "Secured Party Colell-Barion : Steele [sic]" and names as defendants: the North Carolina Department of Adult Correction ("DAC"), DAC Secretary Todd Ishee; DAC Deputy Secretary for Institutions Peter Buchholtz; Warden Morris G. Reid; and Associate Warden for Custody and Operations Valarie Wilcher-Ross. See Compl. [D.E. 1] at 1.

2

Plaintiff alleges he was arrested in Mecklenburg County in 2010 and convicted on May 4, 2011, "of a victimless crime."[1] Id. at 2. On June 18, 2019, plaintiff contends he "entered into a lawful contract by and between COLELL BARION STEELE TRUST and TRUSTEE Colell – Barion : Steele Secured Party Creditor respectively [sic]." Id. Plaintiff further alleges that:

> On October 29, 2021[,] and November 6, 2023[,] Secured Party Colell – Barion : Steele gave public lawful notices of a contractual agreement through private formal registered Statute Staple Securities Instruments, as per Title 11 U.S.C. 501(a), 502(a), and Federal Rules of Civil Procedures Section 8-A, and 13-A, in Legal Notice and Demand Item # 06091966-CBS-LND, Attachments 'A' – Definitions Item # 06091966-CBS-AA, Questionnaire Form # 06091966-CBS-SA, and Schedule "A" Item #06091966-CBS-SchA, all filed at the Register of Deeds in Mecklenburg County. Said notices also were delivered by United States Postal Services via Certified Mail to North Carolina Secretary of State, and to [the defendants]. As required by law Secured Party Colell – Barion : Steele gave the defendants thirty (30) days to rebut these contracts, at which time they did not.
>
> The Defendants went into default for non-response or non-compliance with the above referenced documents, having their silence and acquiescence of the N.C. SECRETARY OF STATE, also but not limited to any public officers, agents, contractors, assigns, employees, and subsidiaries of said office, regarding the Trustee / Secured Party's LEGAL NOTICE AND DEMAND, it is therefore accepted and agreed to be the truth.
>
> By not responding to the Legal Notice and Demand, the Secured Party Colell – Burion : Steele was injured in that it denied him the opportunity to secure his liberty and freedom from custody of the North Carolina Department of Adult Correction as agreed to in the contracts on file, especially but not limited to concerning victimless crimes.
>
> State government officials performed commercial acts against the Plaintiff. And other state officials who and an obligation to act or not act on behalf of the Plaintiff, did not act on his behalf, which became ultra vires and injurious by willful and gross negligence. And under the terms of the Plaintiff's contractual agreement[,]

---

[1] Publicly available records show plaintiff is in custody on consolidated consecutive sentences for Mecklenburg County convictions, namely for "habitual felon" and possession of stolen goods on Apr. 20 2021, and "habitual felon" and speeding to elude arrest or attempt on May 4, 2021. See N.C. Dpt. Adult Correction, Offender Public Info., https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0388373&searchOffenderId=0388373&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (visited Oct. 28, 2024) (search by inmate number) (reflecting, inter alia, plaintiff was born June 9, 1966, and is projected for release on Aug. 5, 2036).

3

the Defendants lack all claims of immunity in any forum as out-lined in Item # 06091966-CBS-LND pages 4 of 8 and 5 of 8 [sic].

Id. at 2–4.

For relief, plaintiff asks the court to "review the contracts and acknowledge the defaults and settle the matter in favor of the plaintiff." Id. at 4. Plaintiff seeks "per occurrence, per officer, official agent, or representative involved [sic]": $2,000,000.00 for unlawful arrest; $5,000,000.00 for Cruel and Unusual Punishment; $5,000,000.00 for "Unlawful Distraint [sic], Unlawful Detainer, or False Imprisonment"; and "$2,000,000.00 for unlawful detention or incarceration. Id. at 4–5. Plaintiff further seeks $2,000,000.00 for "unlawful or improper lien" "per occurrence" and $100,000.00 "per day penalty until liens, levies, impounds, and/or garnishments are ended and all funds reimbursed [sic]." Id. at 5.

Plaintiff attaches the following: a November 14, 2023, prison grievance screening response, Compl. Attach. [D.E. 1-1] at 1; an illegible prison grievance, id. at 2; what appears to be a photocopy of the cover page of a certificate of true copy from the Mecklenburg County Clerk of Superior Court, id. at 3; what appear to be copies of receipts from the Mecklenburg County Clerk of Court and Registrar of Deeds, id. at 4; portions of trust-related documents, id. at 5–6 (noting, *inter alia*, the "COLELL BARION STEELE TRUST" was created May 8, 2019); what appears to be a partially completed U.S. Department of Treasury, Internal Revenue Service, Form 56, "Notice Concerning Fiduciary Relationship" regarding the COLELL BARION STEELE TRUST, id. at 7–8; what appears to be a May 16, 2019, U.C.C. Financing Statement for COLELL BARION STEELE TRUST, id. at 9; what appears to be a copy of a November 6, 2023, receipt from the Mecklenburg County Registrar of Deeds, id. at 10; a Legal Notice and Demand, labeled form # 06091966-CBS-LND, id. at 11–18 (stating, *inter alia*: "the IRS & the SSA, and the federal courts

4

have willfully been making injurious 'presumptions' which prejudice my Constitutional Rights by trying to associate me with the 'idem sonans' which is the all caps version of my Christian name"; Colell-Barion : Steele is a Trustee, "not a strawman, vessel in Commerce, Corporate Fiction, Legal Entity," and is not a citizen or subject of the United States or the State of North Carolina; and that the Secretary of State's Office, through silence, "agree[s] to uphold my Right to Travel"; and that the undersigned "relies upon the rights and defenses guaranteed under the Uniform Commercial Code's common equity law, laws of admiralty and commercial liens and levies pursuant, but not limited to, Title 42 U.S.C.A. (Civil Rights), Title 18 U.S.C.A. (Criminal Codes), Title 28 U.S.C.A. (Civil Codes) to which you are bound by office and oath" and the North Carolina Constitution and penal codes; "where there is no victim, there is no crime committed or laws broken"; "Terms and conditions of this presentment agreement are a quasi-contract under the Uniform Commercial Code [U.C.C.] and Fair Debt Collections Act"; outlining "billing costs assessed with levies and liens and or tort upon violations [sic]"; "unless this is rebutted from the time limit contained herein, and the conditions of rebuttal are met, you, or any Representative in any capacity of any agency, government, Corporation, or the like, agree to abide by this Contract anytime you interact with the Undersigned [sic]"; and "Your failure to timely rebut the statements and warnings herein constitute your complete tacit agreement with all statements and warnings contained herein [sic]."); an attachment of definitions, labeled form # 06091966-CBS-AA, id. at 19–26; a public servant questionnaire, labeled form # 06091966-CBS-PSQLND, id. at 27; a "security agreement," labeled form # 06091966-CBS-SA, id. at 28–40; a copy of a May 4, 2011, Mecklenburg County Judgement and Commitment as to plaintiff in 09CRS240310, id. at 42–43, and postal returns for mailings sent to defendants, see id. at 44–48.

5

Discussion:

Plaintiff's complaint is not a model of clarity, but his apparent contractual arguments, attacks on the veracity of government documents using his "fictitious" or "strawman" name, and contention that he is entitled to compensation due to defendants' non-responses to his mailings are legally and factually frivolous. See Neitzke, 490 U.S. at 325; Adams, 40 F.3d at 75; see also Charlotte v. Hanson, No. 11–1113, 2011 WL 3562887, at *1 (10th Cir. Aug. 15, 2011) (rejecting the "sovereign citizen" theory as having "no conceivable validity in American law" (citation omitted)); Bond v. N. Carolina Dep't of Corr., No. 3:14-CV-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014) (finding frivolous a prisoner's argument he is "held hostage under a fictitious name" by the State of North Carolina); McCullough v. United States, No. 3:11CV176, 2011 WL 3652332, at *2 (E.D. Va. Aug. 18, 2011) (unpublished) ("Arguments based on [the "redemptionist theory"] and other similar theories have been rejected by courts as being frivolous and a waste of judicial resources." (internal quotations and citations omitted) (collecting cases)).

Because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and, because the court dismisses any federal cause of action, the court also declines to exercise supplemental jurisdiction over any lingering state-law claims, see 28 U.S.C. § 1367(c)(3) (granting district courts discretion to decline to exercise supplemental jurisdiction over a pendent state-law claim where the court has dismissed all claims over which it has original jurisdiction); United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (courts have "inherent power to dismiss the case . . . provided the conditions set forth in § 1367(c) for declining to exercise supplemental jurisdiction have been met").

<u>Conclusion</u>:

In sum, the court: DENIES the premature motions seeking entry of default [D.E. 6, 7, 8]; DISMISSES the complaint as frivolous under 28 U.S.C. § 1915A(b)(1); and DIRECTS the clerk to close the case. This dismissal constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g).

SO ORDERED this 29th day of October, 2024.

*Richard E Myers II*
RICHARD E. MYERS II
Chief United States District Judge